UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____

PETER G. GERACE, JR.,

                              Plaintiff,                  **COMPLAINT**

v.

                                                               Civil Action No.

MIAMI HERALD MEDIA COMPANY,
SUN-SENTINEL COMPANY, LLC,
JAY WEAVER, Individually and as
Reporter for the Miami Herald and,
MARIO ARIZA, Individually and as Reporter
For the South Florida Sun Sentinel,

                              Defendants.
_____

      Plaintiff Peter G. Gerace, Jr., by his attorneys Roche Freedman LLP, for his Complaint herein, alleges as follows:

## NATURE OF THE CASE

      1.    This is an action to recover damages due to the Defendants' publication of newspaper articles containing false and defamatory statements about the Plaintiff. The defamatory statements published by the Miami Herald were contained in a news article written by Jay Weaver and the defamatory statements published by the South Florida Sun Sentinel were contained in a news article written by Mario Ariza. In addition to containing statements which are false, the aforesaid articles are defamatory per se because, *inter alia*, they make the grossly untruthful claims that the Plaintiff is "a top figure in one of the nation's most notorious crime families" (South Florida Sun Sentinel) and an "alleged New York crime family leader" (Miami Herald).

## **PARTIES**

2. Plaintiff Peter G. Gerace, Jr. is a natural person residing at 5145 Lexor Lane, Clarence, New York 14031. He is a citizen of New York.

3. Miami Herald Media Company is a corporation organized and existing under the laws of the State of Delaware with its principal offices located at 11410 N. W. 20th Street, Miami, Florida 33172 and publishes, prints and distributes the Miami Herald newspaper (the "Miami Herald"). The Miami Herald is a newspaper with a primary area of circulation in the south Florida counties of Miami-Dade, Broward and Monroe.

4. Sun-Sentinel Company, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal offices located at 333 S.W. 12th Avenue, Deerfield Beach, Florida 33442 whose owner is MNG Enterprises Inc., a Colorado corporation. The Sun-Sentinel Company, LLC publishes, prints and distributes the South Florida Sun Sentinel newspaper (the "Sun Sentinel"). The Sun Sentinel is a newspaper with a primary area of circulation in the South Florida counties of Miami-Dade, Broward and Monroe.

5. Jay Weaver ("Weaver") is a natural person residing in Miami Florida and at the time of the March 2, 2021 publication by the Miami Herald of the article described herein, Weaver was employed by the Miami Herald as a Federal Courts Reporter. He is a citizen of Florida.

6. Mario Ariza ("Ariza") is a natural person residing in Miami Florida and at the time of the March 1, 2021 publication by the Sun Sentinel of the article described herein, Ariza was employed by the Sun Sentinel as an Investigative Reporter. He is a citizen of Florida.

**JURISDICTION**

7. Jurisdiction is in the United States District Court pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds $75,000.00 and is between citizens of different states

**VENUE**

8. Venue for this action is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b)(2), being the judicial district in which a substantial part of the events giving rise to the claims herein occurred.

**STATEMENT OF FACTS**

**A. The Miami Herald Article**

9. On March 2, 2021, the Miami Herald published, printed and distributed a news article (attached as **Exhibit "A"**) relative to the arrest of the Plaintiff in Fort Lauderdale, Florida. The article was written by Weaver and contained the following in reference to the Plaintiff:

- A headline on the first page stating, "Feds arrest **alleged New York crime family leader** in South Florida on conspiracy charge" (emphasis added); the statement that the Plaintiff is an "alleged crime family leader" is false and defamatory.

- A caption under a photograph of a judge's gavel stating, **"Federal agents arrested a top member of an alleged New York crime** family in Fort Lauderdale in connection with a drug conspiracy case in Buffalo" (emphasis added); the statement that the Plaintiff is *"a top member of an alleged New York crime family"* is false and defamatory.

- The first sentence of the article states "**A top member of an alleged New York crime family** was arrested Sunday by federal agents in Fort Lauderdale on drug-related conspiracy charges" (emphasis added); the statement that the Plaintiff is "[a] top member of an alleged New York crime family" is false and defamatory.

- The second paragraph of the article contains the sentence "Gerace is among six men targeted by Federal prosecutors who have called the group the '**Italian Organized Crime' family of Western New York**" (emphasis added); the statement that the Plaintiff is part of a group which comprises the "Italian Organized Crime" family of Western New York is false and defamatory.

- A caption under a police photograph of the Plaintiff referring to the Plaintiff states "Peter G. Gerace, Jr., **a top member of an alleged New York crime family**, is arrested in Fort Lauderdale" (emphasis added); the statement that the Plaintiff is "a top member of an alleged New York crime family" is false and defamatory.

10.     Upon information and belief, the aforesaid Miami Herald article was written by Weaver in Florida and the article was reviewed, edited and approved for publication by employees of the Miami Herald at the Miami Herald's aforesaid principal offices in Miami, Florida.

11.     In addition, physical newspapers containing the aforesaid article were distributed and sold by the Miami Herald in the primary circulation area of the Miami Herald consisting of the south Florida counties of Miami-Dade, Broward and Monroe.

### B. The Sun Sentinel Article

12. On March 1, 2021, the Sun Sentinel published, printed and distributed a news article (attached as **Exhibit "B"**) relative to the arrest of the Plaintiff in Broward County, Florida. The article was written by Ariza and stated the following in reference to the Plaintiff in the first sentence: "**A top figure in one of the nation's most notorious crime families** was arrested in Broward County after a federal grand jury in Buffalo, N.Y., indicted him on charges of bribing a DEA agent, drug dealing, and human trafficking" (emphasis added); the statement that the Plaintiff is "[a] top figure in one of the nation's most notorious crime families" is false and defamatory.

13. Upon information and belief, the aforesaid Sun Sentinel article was written by Ariza in Florida and the article was reviewed, edited and approved for publication by employees of the Sun Sentinel at the Sun Sentinel's aforesaid principal offices in Deerfield Beach, Florida.

14. In addition, physical newspapers containing the aforesaid article were distributed and sold by the Sun Sentinel in the primary circulation area of the Sun Sentinel consisting of the south Florida counties of Miami-Dade, Broward and Monroe.

### FIRST CAUSE OF ACTION

### DEFAMATION

### (MIAMI HERALD)

15. The Plaintiff repeats and alleges paragraphs "1" through "11" as if fully set forth herein.

16. The above-quoted statements in the March 2, 2021 Miami Herald news article written by the Miami Herald reporter-employee Weaver falsely and maliciously calling the Plaintiff a "leader" and "top member" of a "New York crime family" and, specifically, an "Italian Organized Crime" family, wrongfully and falsely charged the Plaintiff with the serious criminal activity of leading an organized crime family.

17. Italian-American organized crime families, also known as the "mafia", are presented as infamous in film and written fiction, largely due to the substantial harm suffered by many communities as the result of organized crime.

18. By branding the Plaintiff as mafia boss, with all the associated negative associations, the defamatory statements in the March 2, 2021 Miami Herald news article written by the Miami Herald reporter-employee Weaver prejudiced the Plaintiff in the eyes of the community.

19. By falsely and maliciously describing the Plaintiff as a "leader" and "top member" of an Italian-American organized crime family, the Miami Herald and Weaver did so, not on the basis of fact or proof, but without any factual or evidentiary basis, and to further a villainous narrative to captivate the readers' interest.

20. Furthermore, the aforesaid false and defamatory statements, and the words set forth therein, were made with malice, ill will, scienter and knowledge of their falsity, or in a grossly irresponsible manner without due regard for the standards of information gathering ordinarily followed by responsible parties.

21. The Plaintiff is not a public figure and the aforesaid actions of the Miami Herald and Weaver were intended to injure the Plaintiff and subject the Plaintiff to

scandal, ridicule and professional disrepute and discredit the Plaintiff in his business and said actions have proximately caused injury to the Plaintiff's reputation and character.

22. The aforesaid actions of the Miami Herald and Weaver in writing the above-described false and defamatory statements about the Plaintiff have caused injury and damage to the Plaintiff's business and reputation as well as personal humiliation and mental pain and suffering.

23. Specifically, as a direct and proximate result of the publication of the aforesaid defamatory statements the Plaintiff's business has lost revenue due to the loss of customers who no longer frequent the Plaintiff's business and the loss of employees who will no longer work for the Plaintiff's business; the Plaintiff has incurred the cost of engaging a public relations consultant to counteract the damaging effect of the publication; the Plaintiff has incurred the continuing and necessary cost of a forensic psychologist to treat the Plaintiff's son who has been subjected to bullying at school due to the damaging publication; the Plaintiff has incurred the costs of medical treatment and prescriptions to treat the anxiety and mental suffering caused by the damaging publication and the Plaintiff has incurred attorneys fees as a result of the damaging publication.

24. Moreover, because the above-described libelous statements were published intentionally, maliciously and with total disregard for their truth or falsity, the Miami Herald and Weaver should be assessed punitive damages in an amount commensurate with the maliciousness of the libel to deter any such libelous publications in the future.

## **SECOND CAUSE OF ACTION**

## **DEFAMATION PER SE**

## **(MIAMI HERALD)**

25.     The Plaintiff repeats and alleges paragraphs "1" through "11" as if fully set forth herein.

26.     As stated above, the above-quoted false statements in the March 2, 2021 Miami Herald article calling the Plaintiff a "leader" and "top member" of an "Italian Organized Crime" family wrongfully and falsely charges the Plaintiff with the serious criminal activity of leading an infamous organized crime family – also known as the "mafia" – and therefore as being a mafia boss.

27.     In addition to charging the Plaintiff with criminal activity, the aforesaid statements subjected the Plaintiff to distrust, ridicule and disgrace and injured the Plaintiff's profession of being a small-business owner.  Therefore, the aforesaid false and malicious statements are libelous and defamatory per se.

28.     By reason of the above-quoted statements in the Miami Herald article being libelous and defamatory per se, in addition to damage to Plaintiff's reputation and standing in the community as well as personal humiliation and mental pain and suffering, the Plaintiff has sustained the above-described damages which include the loss of business revenue due to the loss of customers and employees, the cost of a public relations consultant engaged to counteract the damaging publication, and the cost of medical treatment of the Plaintiff's mental suffering and trauma and a forensic psychologist to treat the Plaintiff's son who has been subjected to bullying and humiliation due to the libelous and defamatory publications, as well as attorneys fees.

29. Furthermore, due to the malicious and injurious nature of the publication of the aforesaid article wrongfully charging the Plaintiff with the criminal activity of leading an organized crime family, the Miami Herald and Weaver should be assessed punitive damages to deter any such defamatory per se publications in the future.

## THIRD CAUSE OF ACTION

## DEFAMATION

## (SUN SENTINEL)

30. The Plaintiff repeats and realleges paragraphs "1" through "8" and "12" through "14" as if fully set forth herein.

31. The above-quoted statement from the March 1, 2021 Sun Sentinel news article written by the Sun Sentinel reporter–employee Ariza falsely and maliciously calling the Plaintiff "a top leader in one of the nation's most notorious crime families" wrongfully and falsely charges the Plaintiff with the serious criminal activity of leading a notorious organized crime family – also known as the "mafia".

32. Italian-American organized crime families, also known as the "mafia", are presented as infamous in film and written fiction, largely due to the substantial harm suffered by many communities as the result of organized crime.

33. By branding the Plaintiff as mafia boss, with all the associated negative associations, the defamatory statements in the March 1, 2021 Sun Sentinel news article written by the Sun Sentinel reporter-employee Ariza prejudiced the Plaintiff in the eyes of the community.

34. By falsely and maliciously describing the Plaintiff as "a top leader in one of the nation's most notorious crime families" the Sun Sentinel and Ariza did so, not on

the basis of fact or proof, but without any factual or evidentiary basis, and to further a villainous narrative to captivate the readers' interest.

35.     Furthermore, the aforesaid false and defamatory statement, and the words set forth therein, were made with malice, ill will, scienter and knowledge of their falsity, or in a grossly irresponsible and negligent manner without due regard for the standards of information gathering ordinarily followed by responsible parties.

36.     The Plaintiff is not a public figure and the aforesaid actions of the Sun Sentinel were intended to injure the Plaintiff and subject the Plaintiff to scandal, ridicule and professional disrepute and discredit the Plaintiff in his business and said actions have proximately caused injury to the Plaintiff's reputation and character.

37.     The aforesaid actions of the Sun Sentinel and Ariza in writing the above-described false and defamatory statements about the Plaintiff have caused injury and damage to the Plaintiff's business and reputation as well as personal humiliation and mental pain and suffering.

38.     Specifically, as a direct and proximate result of the publication of the aforesaid defamatory statements the Plaintiff's business has lost revenue due to the loss of customers who no longer frequent the Plaintiff's business and the loss of employees who will no longer work for the Plaintiff's business; the Plaintiff has incurred the cost of engaging a public relations consultant to counteract the damaging effect of the publication; the Plaintiff has incurred the continuing and necessary cost of a forensic psychologist to treat the Plaintiff's son who has been subjected to bullying at school due to the damaging publication; the Plaintiff has incurred the costs of medical treatment and prescriptions to treat the anxiety and mental suffering caused by the damaging

publication and the Plaintiff has incurred attorneys fees as a result of the damaging publication.

39. Moreover, because the above-described libelous statement was published intentionally, maliciously and with total disregard for its truth or falsity, the Sun Sentinel and Ariza should be assessed punitive damages in an amount commensurate with the maliciousness of the libel to deter any such libelous publications in the future.

## FOURTH CAUSE OF ACTION

## DEFAMATION PER SE

## (SUN SENTINEL)

40. The Plaintiff repeats and realleges paragraphs "1" through "8" and "12" through "14" as if fully set forth herein.

41. As stated above, the above-quoted false statement in the March 1, 2021 Sun Sentinel article calling the Plaintiff "a top leader in one of the nation's most notorious crime families" wrongfully and falsely charges the Plaintiff with the serious criminal activity of leading an organized crime family – also known as the "mafia" – and therefore as being a mafia boss.

42. In addition to charging the Plaintiff with criminal activity, the aforesaid statement subjected the Plaintiff to distrust, ridicule and disgrace and injured the Plaintiff's profession of being a small-business owner. Therefore, the aforesaid false and malicious statement is libelous and defamatory per se.

43. By reason of the above-quoted statements in the Sun Sentinel article being libelous and defamatory per se, in addition to damage to the Plaintiff's reputation and standing in the community as well as personal humiliation and mental pain and

suffering, the Plaintiff has sustained the above-described damages which include the loss of business revenue due to the loss of customers and employees, the cost of a public relations consultant engaged to counteract the damaging publication, and the cost of medical treatment of the Plaintiff's mental suffering and trauma and a forensic psychologist to treat the Plaintiff's son who has been subjected to bullying and humiliation due to the libelous and defamatory publications, as well as attorneys fees.

44.     Furthermore, due to the malicious and injurious nature of the publication of the aforesaid article wrongfully charging the Plaintiff with the criminal activity of leading an organized crime family, the Sun Sentinel and Ariza should be assessed punitive damages to deter any such defamatory per se publications in the future.

WHEREFORE, the Plaintiff respectfully requests the following relief:

(a) Under the First and Second Causes of Action against Defendant Miami Herald Media Company and Defendant Jay Weaver:

   (i)   Compensatory and punitive damages as determined upon the trial of this action;

   (ii)  Appropriate interest and disbursements and the Plaintiff's reasonable attorney's fees;

(b) Under the Third and Fourth Causes of Action against Defendant Sun-Sentinel Company, LLC and Defendant Mario Ariza:

   (i)   Compensatory and punitive damages as determined upon the trial of this action;

   (ii)  Appropriate interest and disbursements and the Plaintiff's reasonable attorney's fees;

(c) Such other and further relief for the Plaintiff the Court deems proper.

## DEMAND FOR JURY

The Plaintiff respectfully requests a jury trial of all matters so triable.

Dated:  October 13, 2022
        Miami, Florida                        **ROCHE FREEDMAN LLP**

                                        By:   */s/ Devin Freedman*
                                                Devin (Velvel) Freedman
                                                1 SE 3rd Avenue, Suite 1240
                                                Miami, Florida 33131
                                                Telephone: (305) 753-3675
                                                Email: vel@rochefreedman.com

                                                *Attorneys for Plaintiff*